IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

D'WAYNE DEARING, #147239                                        PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 3:11-cv-370-HTW-LRA

DEANDRA JOHNSON, et al.                                         DEFENDANTS

## MEMORANDUM OPINION

The Plaintiff filed this *pro se in forma pauperis* Complaint pursuant to 42 U.S.C. § 1983. On July 25, 2011, an Order [ECF No. 8] was entered directing the Plaintiff to file a written response to provide specific information regarding his claims, on or before August 15, 2011. The Plaintiff was warned in this Order, that failure to timely comply with the requirements of the Order or failure to keep this Court informed of his current address would lead to the dismissal of his case.  The Plaintiff failed to comply with this Order [ECF No. 8].

On September 19, 2011, an Order [ECF No. 10] was entered directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's July 25, 2011 Order.  In addition, Plaintiff was directed to comply with the previous Order by filing his written response on or before October 4, 2011.  The Show Cause Order warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. The Plaintiff failed to comply with the Show Cause Order [ECF No. 10].

On October 21, 2011, a Final Order to Show Cause [ECF No. 11] was entered. Plaintiff was directed to file a written response, on or before November 5, 2011, showing cause why this case should not be dismissed for his failure to comply with the Court's Orders of July 25, 2011, and September 19, 2011. In addition, Plaintiff was directed to comply with the Court's previous Orders by filing his written response on or before November 5, 2011. The Final Order to Show Cause warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice. The Plaintiff failed to comply with the Final Order to Show Cause [ECF No. 11].

Plaintiff has failed to comply with three Court Orders and he has not contacted this Court since August 30, 2011. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court Orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the

merits of Plaintiff's claims, the Court's Order of dismissal is without prejudice. *See*

*Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 23rd day of November, 2011.

                      s/ HENRY T. WINGATE
                      UNITED STATES DISTRICT JUDGE


Civil Action No. 3:11-cv-370 HTW-LRA
Memorandum Opinion